## JOHNSON *v.* BORLAND.

1. Pleading—Declaration—Construction.

> In determining whether a declaration sets forth a cause of action, all material allegations properly pleaded therein must be accepted as true and construed in the light most favorable to plaintiff, mere conclusions of the pleader not being given force and effect.

Skill required of a physician who renders services gratuitously, see 2 Restatement, Torts, § 299, comment e.

2. Physicians and Surgeons—Malpractice—Statement of Cause
   of Action.
     In an action of malpractice, a declaration which avers defend-
     ant physician's professional character, that as such he was
     employed to attend plaintiff's decedent and give him necessary
     care and medical treatment sufficiently averred defendant's
     duty under the circumstances and enabled him to prepare his
     defense.

3. Pleading—Statement of Cause of Action.
     The facts required to be stated in a declaration, like those found
     by a special verdict are deduced from other facts to be found
     from the testimony, and must be such as will enable the court
     to declare the law in the case.

4. Same—Statement of Facts—Evidence.
     The facts upon which the rights of a plaintiff depend are in a
     certain sense conclusions, but are, nevertheless, the kind of
     facts required in pleading in stating the plaintiff's cause of
     action; while the others are the testimony furnishing the evi-
     dence of these facts, and are not proper to state in the decla-
     ration.

5. Same—Motion to Dismiss—Technicalities—Merits.
     Mere technicalities are not looked upon with favor by the courts
     in passing upon a motion to dismiss as the merits should be
     reached as soon as possible.

6. Physicians and Surgeons—Duty of Care.
     A physician who renders services gratuitously has the duty of
     exercising reasonable and ordinary care, skill and diligence.

7. Same—Treatment of Patient at Request of County Officers.
     The fact that a physician was called by a county officer to treat
     plaintiff's decedent at the county jail where he had been taken
     when found ill alongside his automobile on a road, instead of
     by decedent, did not relieve such physician from his duty of
     exercising ordinary care and skill.

8. Same—Diagnosis—Mistake—Negligence.
     While a doctor is not liable for a mistake in diagnosis, he is lia-
     ble for his negligence in making proper examination.

9. Same—Right of Patient—Diagnosis—Standard of Care.
     A patient who is treated by a physician is entitled to a thorough
     and careful examination, such as the condition of the patient
     and the attending circumstances will permit, with such dili-
     gence and methods of diagnosis for discovering the nature of

the ailment as are usually approved and practiced by medical men of ordinary or average learning, judgment, and skill in that community, or similar localities.

10. SAME—MALPRACTICE—SUFFICIENCY OF DECLARATION—DIAGNOSIS.

Declaration stated a cause of action in action by administratrix against doctor for malpractice where it alleged that he had been called by county officer to attend decedent who then had spasms and was groaning, whose tongue was hanging out and who gave every evidence of being seriously ill, that defendant disregarded his duty at both brief examinations held a few hours apart in diagnosing decedent's illness as drunkenness, whereas post mortem revealed no alcohol in decedent's body and a chronic heart condition, pulmonary edema and cerebral hemorrhage and that as a result of defendant's negligence, decedent suffered great and unnecessary pain and anguish by reason thereof.

11. SAME—MALPRACTICE—PLEADING—DAMAGES—BILL OF PARTICULARS.

Where declaration in action of malpractice states a cause of action, the failure to set forth the specific damages with particularity does not require dismissal of declaration since the defect may be remedied by requiring that a bill of particulars be filed within a prescribed time.

12. SAME—COSTS—PLEADING—DAMAGES.

Costs are ordered to abide final outcome of case where order dismissing declaration in action of malpractice had been granted by trial court because specific damages had not been alleged with particularity, a defect remediable by filing bill of particulars.

Appeal from Oakland; Sanford (Joseph, F.), J., presiding. Submitted January 8, 1947. (Docket No. 24, Calendar No. 43,437.) Decided April 8, 1947.

Case by Minerva Bell Johnson, administratrix, of the estate of Arthur LaVere Johnson, against A. Borland for damages arising from death of her decedent due to alleged malpractice. Judgment for defendant on motion to dismiss. Plaintiff appeals. Reversed and remanded for further proceedings.

*Edward A. Simmons,* for plaintiff.

*Humphreys Springstun,* for defendant.

Butzel, J.   In an amended declaration Minerva Bell Johnson, plaintiff and administratrix of the estate of Arthur LaVere Johnson, deceased, claims damages from defendant A. Borland, a doctor of medicine, for malpractice.   She claims that decedent on the 5th day of March, 1943, was arrested while he was "sick and ill" alongside his automobile on a road near Pontiac, Michigan; that he was taken to the county jail; that there he had all the appearance of being a sick man; that a person on the premises begged the officers to call a doctor for decedent because he was sick, and told them that he had known the deceased for over 17 years and knew that he was not a drinking man.   The decedent had spasms, was groaning, his tongue was hanging out and he gave every evidence of being seriously ill.   Defendant, a practicing physician, was called to the jail by an officer of the county to treat decedent.   It is alleged that he disregarded his duty in both his first examination of the deceased and in a second examination made several hours later in failing to properly diagnose the condition of the plaintiff; that defendant so unskillfully, negligently and ignorantly conducted himself that decedent died at or about 1:45 a.m. of the day following his arrest; and that this was the direct result of the ignorance, unskillfullness and negligent manner in which defendant conducted himself in diagnosing the illness of decedent as drunkenness.   An autopsy and a chemical analysis of the vital organs of decedent at the post mortem revealed that there was no alcohol in the body of decedent, but that there was "(1) Complete coronary occlusion of the descending left

branch; (2) terminal dilation of the heart; (3) chronic fibrous myocarditis with brown atrophy; (4) acute terminal pulmonary edema; (5) a small hemorrhage in the right cerebral lobe.''

Plaintiff further alleges that on the two occasions when Dr. Borland visited decedent, he spent only about 4 or 5 minutes each time and did not properly examine him. Plaintiff states that she is the wife of decedent; that the deceased is survived by his widow, two brothers and four sisters; that because of Dr. Borland's negligence decedent suffered great and unnecessary pain and anguish; and that plaintiff in her representative capacity has been damaged in the sum of $100,000, as the result of defendant's negligent and ignorant conduct.

Defendant, by his attorney, filed an answer in which he included a motion to dismiss. He denies most of the allegations in the declaration and asks that it be dismissed on the ground that it fails to state a cause of action either as a matter of fact or as a matter of law; that it is inadequate and insufficient, and is an attempt to split causes of action; and that the declaration in its amended form is defective in the same respects as the original declaration which plaintiff was permitted to amend. He moved that the declaration be stricken from the files with costs to defendant.

The trial judge found that the duty of the physician was properly pleaded and that the averments as to breach of that duty were complete. It was his opinion, however, that the pleadings afforded no basis for the assessment of any damages, for which reason it would be useless to proceed with a trial. He therefore entered an order granting defendant's motion to dismiss.

In determining whether the declaration sets forth a cause of action, all material allegations properly

pleaded therein must be accepted as true and construed in the light most favorable to plaintiff, mere conclusions of the pleader not being given force and effect. *Prawdzik* v. *City of Grand Rapids*, 313 Mich. 376 (165 A. L. R. 1165). While there is no question but that the amended declaration is ineptly drawn, it does contain sufficient allegations to show the alleged malpractice and enable defendant to properly prepare his defense. The rule is stated in *Hanselman* v. *Carstens*, 60 Mich. 187, the syllabi of which read as follows:

"1. A declaration in an action against a physician to recover damages for malpractice averred his professional character, and that as such physician and surgeon he was employed by plaintiff to set her broken limb, and give her the necessary care and medical treatment:

"Held, that defendant's duty was sufficiently averred under the circumstances.

"2. The facts required to be stated in a declaration, like those found by a special verdict, are deduced from other facts to be found from the testimony, and must be such as will enable the court to declare the law in the case.

"3. The facts upon which the rights of a plaintiff depend are in a certain sense conclusions, but are, nevertheless, the kind of facts required in pleading in stating the plaintiff's cause of action; while the others are the testimony furnishing the evidence of these facts, and are not proper to state in the declaration.

"4. Technicalities like those raised by the demurrer in this case are no longer looked upon with favor by the courts and should be avoided as much as possible. The merits in every case should be reached as soon as possible."

Defendant claims that he owed no duty whatsoever to plaintiff's decedent; that he never was en-

gaged or retained by him and was, therefore, under no liability to either the deceased or his administratrix. Such is not the law. A somewhat similar case is that of *DuBois* v. *Decker*, 130 N. Y. 325 (29 N. E. 313, 14 L. R. A. 429, 27 Am. St. Rep. 529), wherein the New York Court of Appeals stated:

"It has been held that the fact that a physician or surgeon renders services gratuitously does not affect his duty to exercise reasonable and ordinary care, skill and diligence (*McCandless* v. *McWha*, 22 Pa. 261–269; *McNevins* v. *Lowe*, 40 Ill. 209; *Gladwell* v. *Steggal*, 5 Bing. (N. C.) 733 (132 Eng. Rep. 1283).

"But we do not deem it necessary to consider or determine this question for it appears that the plaintiff's [defendant's] services were not gratuitously rendered. He was employed by the city as one of the physicians to attend and treat the patients that should be sent to the alms-house. The fact that he was paid by the city instead of the plaintiff did not relieve him from the duty to exercise ordinary care and skill."

Defendant properly claims that a doctor is not liable for a mistake in diagnosis; but this is not true if he is negligent in making a proper examination.

In *Fortner* v. *Koch*, 272 Mich. 273 (38 N. C. C. A. 334), this Court quoted with approval the rule set forth in *Ramberg* v. *Morgan*, 209 Iowa, 474 (218 N. W. 492):

"The law is well settled that a patient who is treated by a physician is entitled to a thorough and careful examination, such as the condition of the patient and the attending circumstances will permit, with such diligence and methods of diagnosis for discovering the nature of the ailment as are usually approved and practiced by medical men of ordinary or average learning, judgment, and skill in that community or similar localities."

We believe that the declaration states a cause of action.

The defendant does have reason to complain because of the *ad damnum* clause in the declaration. The specific damages claimed are in no way set forth with any particularity. Defendant can readily obtain such information by demanding a bill of particulars of plaintiff and thus limiting her to such claims of damage as she may be able to itemize therein. We recognize that pleading still serves a purpose. Where, however, a cause of action is set forth with sufficient clarity, as in this case, although it does not detail the items of damage claimed by plaintiff, the defect can be overcome by the filing of a bill of particulars so that defendant will know exactly what specific items of damages plaintiff claims.

The order of dismissal is, therefore, set aside and the case remanded for trial. The plaintiff shall file a proper bill of particulars within 30 days after the case is remanded; and in the event of her failure to do so, proper action may then be taken by the trial court. Inasmuch as plaintiff is not wholly without fault, we shall let the costs abide the final outcome of the case.

Carr, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.