ROGERS v HORVATH

1. PHYSICIANS AND SURGEONS—NEGLIGENCE—MALPRACTICE—CAUSE OF
   ACTION—EXAMINATION FOR EMPLOYER.

   A plaintiff has no cause of action for medical malpractice against
   a physician who examined her on behalf of her employer in
   preparation for testifying before a workmen's compensation
   referee and not for plaintiff's benefit to diagnose or treat an
   ailment.

2. PHYSICIANS AND SURGEONS—NEGLIGENCE—MALPRACTICE—WORDS
   AND PHRASES.

   The term "malpractice" denotes a breach of the duty owed by one
   in rendering professional services to a person who has con-
   tracted for such services; in physician-malpractice cases the
   duty owed by the physician arises from the physician-patient
   relationship.

3. PHYSICIANS AND SURGEONS—NEGLIGENCE—DUTY OF CARE—MAL-
   PRACTICE.

   A physician does not owe such a duty of care to an employee of a
   corporation as will subject him to liability for malpractice
   where he was employed by the corporation to examine the
   employee in preparation for a workmen's compensation hearing
   and the employee did not seek or receive medical advice or
   treatment or employ the physician.

4. PHYSICIANS AND SURGEONS—NEGLIGENCE—DUTY OF CARE.

   A physician does not owe the same duty of care to persons he
   examines on behalf of an employer as he owes to his patients.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 96,
   168.
   Physician's duties and liabilities to person examined pursuant to
   physician's contract with such person's prospective or actual
   employer or insurer. 10 ALR3d 1071.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 95.
[5] 37 Am Jur 2d, Fraud and Deceit § 223 *et seq.*

5. FRAUD—CAUSE OF ACTION—COMPLAINTS—ALLEGATIONS—RELIANCE
   —INTENT TO INDUCE.

   A complaint which failed to allege that a plaintiff relied upon the
   defendant's representations by taking any action or refraining
   from acting, and also failed to allege that the defendant in-
   tended to induce the plaintiff to act or refrain from acting in
   reliance upon any misrepresentations did not state a cause of
   action in fraud, as a matter of law.

Appeal from Wayne, Blair Moody, Jr., J. Sub-
mitted October 9, 1975, at Detroit. (Docket No.
21856.) Decided November 14, 1975. Leave to ap-
peal denied, 396 Mich 845.

Complaint by Helen M. Rogers against James J.
Horvath, M. D., for medical malpractice, fraud and
libel. Defendant's motion for summary and/or ac-
celerated judgment granted as to all counts except
the charge of libel. Plaintiff appeals. Defendant
cross-appeals. Affirmed.

*Harry D. Hirsch, Jr.,* for plaintiff.

*Kitch, Suhrheinrich & Getto, P. C.* (by *Ronald F.
DeNardis),* for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and
T. M. BURNS, JJ.

PER CURIAM. Plaintiff received workmen's com-
pensation benefits from her employer, General
Motors Corporation, for a shoulder injury. When
the benefits were terminated, plaintiff filed a claim
for continuation with the Bureau of Workmen's
Compensation. Pursuant to its rights under the
Workmen's Compensation Act, General Motors
had plaintiff examined by the defendant, a li-
censed physician who is board certified in the
specialty of orthopedics.

Subsequent to the examination, defendant re-
ported to General Motors and testified at the

workmen's compensation hearing that there was nothing wrong with the plaintiff and that she was a malingerer. The referee decided the plaintiff was not disabled.

In this suit, plaintiff alleges malpractice in defendant's examination of plaintiff, and fraud and libel in the report to General Motors and in defendant's testimony at the hearing. The trial court granted defendant's motion for summary and/or accelerated judgment as to all counts except the charge of libel in the report to General Motors.

The principal question raised by this appeal is whether a professional physician-patient relationship is a legal prerequisite to basing a cause of action in professional malpractice against a physician. Plaintiff asserts that defendant had a duty to examine her in accordance with the standard of practice of physicians who hold themselves out as orthopedic specialists, and she alleges that he wilfully or negligently failed in his duty because he did not conduct an examination in accordance with such standard of practice, which resulted in a failure to properly diagnose plaintiff's condition. Plaintiff claims that defendant's report of her condition was known or should have been known to be false and that it resulted in injury to her—namely, loss of benefits.

The examination of plaintiff was performed on behalf of her employer in preparation for testifying before the workmen's compensation referee, and it was not performed for the plaintiff's benefit to diagnose or treat an ailment. The trial court was correct in ruling that plaintiff had no cause of action for malpractice.

The term "malpractice" denotes a breach of the duty owed by one in rendering professional ser-

vices to a person who has contracted for such services; in physician-malpractice cases, the duty owed by the physician arises from the physician-patient relationship.[1] No such relationship existed in the case at bar. Defendant was employed by General Motors to examine one of its employees in preparation for a workmen's compensation hearing. Plaintiff did not employ the defendant, nor did she seek or receive medical advice or treatment. Under such circumstances, the defendant did not owe plaintiff any duty arising from a physician-patient relationship. This is not to say that a physician who examines a person for reasons other than diagnosis or treatment and for the benefit of some one other than the examinee owes no duty of due care to that person. Rather, we hold that the physician in such a case does not owe such a duty of care as will subject him to liability for malpractice.[2]

Plaintiff next assigns error to the trial court's granting accelerated or summary judgment for defendant on the claim of fraud. In her complaint, plaintiff charged that reporting the "false" diagnosis to General Motors and testifying regarding the "false" diagnosis at the workmen's compensation hearing was knowingly done by defendant to cause injury to the plaintiff.

The trial court was correct in ruling that the complaint, as a matter of law, did not state a cause of action in fraud. The elements necessary to make out a prima facie case of fraud and deceit

---

[1] *Kambas v St Joseph's Mercy Hospital,* 389 Mich 249, 254–255; 205 NW2d 431 (1973), *Delahunt v Finton,* 244 Mich 226, 230; 221 NW 168 (1928), *Cf. Johnson v Borland,* 317 Mich 225, 231; 26 NW2d 755 (1947).

[2] Courts in other states have recognized that a physician does not owe the same duty of care to persons he examines on behalf of an employer as he owes to his patients. *See* Annot., 10 ALR3d 1071.

need no repetition here.[3] Plaintiff has failed to allege that she relied upon defendant's representations by taking any action or refraining from acting. Plaintiff has also failed to allege that defendant intended to induce plaintiff to act or refrain from acting in reliance upon any misrepresentations. Lacking these two essential elements, plaintiff's allegation of fraud must fail.

On cross-appeal defendant asserts that the trial court was in error in failing to pierce the verbiage of plaintiff's complaint and recognize that it is a collateral attack on a judgment rendered by the Workmen's Compensation Bureau and that as such, the trial court should have completely dismissed plaintiff's cause of action for lack of jurisdiction. This issue arises from the trial court's refusal to dismiss the libel count. We must accept plaintiff's action for what it purports to be: an action for libel. The question of libel obviously was not before the Workmen's Compensation Bureau. The issue not having been litigated before, the trial court was not deprived of subject matter jurisdiction.

Finding no error, the judgment of the trial court is affirmed.

---

[3] *See* Prosser, Torts (4th ed), § 105, pp 685–686, *A&A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634; 110 NW2d 601 (1961), *Hi-Way Motor Co v International Harvester,* 59 Mich App 366; 229 NW2d 456 (1975).