MacDONALD v BARBAROTTO

Docket No. 86221. Submitted February 4, 1987, at Detroit. Decided May 13, 1987.

Daniel MacDonald sustained a back injury in December, 1979, while at work and was disabled from work. He received workers' disability compensation benefits from his employer's compensation carrier. He was requested to submit to a medical examination by John A. Barbarotto, a chiropractor, who is also an employee of plaintiff's employer, which was performed on December 1, 1981. Barbarotto determined that MacDonald was not disabled and could, in fact, return to work. The insurer then moved to terminate MacDonald's disability payments and the employer ordered plaintiff back to work. Plaintiff returned to work and alleges to have reinjured his back on May 6, 1982. MacDonald filed a medical malpractice action in the Wayne Circuit Court in November, 1983, against the insurer, the employer and Barbarotto. In August, 1984, Barbarotto was dismissed from the case on the basis of never having been served and, two weeks later, MacDonald instituted this separate action against Barbarotto in the Wayne Circuit Court, couched in terms of negligence and fraud. Barbarotto moved for an accelerated judgment alleging that the two-year period of limitation applicable to malpractice actions had expired. The trial court, Thomas J. Brennan, J., agreed that the action was one for malpractice and that the period of limitation had run.

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 423 *et seq.*

Am Jur 2d, Limitation of Actions §§ 61 *et seq.*

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316 *et seq.*

Am Jur 2d, Pleadings § 65.

Fraud, misreprentation, or deception as estopping reliance on statute of limitations. 43 ALR3d 429.

Fraud and deceit: liability in damages for preventing bringing of action before its being barred by statute of limitations. 33 ALR3d 1077.

See also the annotations in the Index to Annotations under Limitation of Actions.

See also the annotations in the Index to Annotations under Pleadings.

Plaintiff appeals from the order granting accelerated judgment to defendant.

The Court of Appeals *held:*

1. MacDonald cannot successfully claim misrepresentation by Barbarotto in the absence of proof of reliance on Barbarotto's opinion or the belief that the opinion was true. The facts do not support MacDonald's argument that he adequately alleged reliance on Barbarotto's representations or inducement to act or refrain from acting based on those representations. MacDonald cannot seek the protection of the three-year period of limitation applicable to fraud or misrepresentation actions since he failed to establish a prima facie case of fraud or misrepresentation.

2. MacDonald's complaint is based on malpractice. The two-year malpractice period of limitation is applicable to his action. The trial court correctly granted the accelerated judgment motion since the action was filed outside the two-year limit. MacDonald may not evade the appropriate malpractice limitation period by alleging ordinary negligence by Barbarotto.

Affirmed.

1. LIMITATION OF ACTIONS — APPEAL — PLEADING.

The Court of Appeals, in determining the appropriate statute of limitation governing a case, reads the party's claim as a whole and looks beyond the procedural labels to determine the exact nature of the claim; a plaintiff may not avoid the appropriate limitation period by artful drafting.

2. PLEADING — FRAUD — MISREPRESENTATION.

A plaintiff cannot successfully claim misrepresentation or fraud where he fails to adequately allege reliance and inducement.

3. PLEADING — LIMITATION OF ACTIONS — FRAUD — MISREPRESENTATION.

A plaintiff cannot seek the protection of the three-year period of limitation applicable to fraud or misrepresentation actions where he fails to establish a prima facie case of fraud or misrepresentation.

4. PHYSICIANS AND SURGEONS — MALPRACTICE — NEGLIGENCE.

Medical professionals may be found to be liable for ordinary negligence as well as for malpractice.

5. PLEADING — MALPRACTICE — NEGLIGENCE — LIMITATION OF ACTIONS.

A plaintiff's claim which is couched in terms of ordinary negligence may be determined to be based in malpractice where it

alleges that the defendant's negligence occurred as a result of a failure to exercise a sufficient degree of professional skill; the plaintiff may not avoid the application of the malpractice statute of limitation merely by couching his cause of action in terms of ordinary negligence.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Elizabeth J. Larin*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *James D. Zazakis*), for defendant.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff, Daniel MacDonald, appeals from a grant of accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7), based on the two-year limitation period applicable in medical malpractice cases. We affirm.

The facts are not substantially in dispute. Plaintiff, a mechanic, sustained a back injury while at work in December, 1979, and was disabled from employment. According to plaintiff, he subsequently was treated by two physicians over the following two years. He received workers' disability compensation benefits from Michigan Mutual Insurance Company, his employer's compensation carrier, apparently throughout 1980 and 1981 until being requested to submit to a medical examination. The examination was performed on December 1, 1981, by defendant, John A. Barbarotto, who is also an employee of plaintiff's employer.

Defendant is a chiropractor licensed to practice in the State of Michigan. Plaintiff's employer and its insurer asked defendant to submit his opinion

---

* Circuit judge, sitting on the Court of Appeals by assignment.

concerning plaintiff's ability to return to work. Defendant compiled and forwarded his opinion indicating that plaintiff was not disabled and could, in fact, return to work. On the basis of defendant's opinion, the insurer moved to terminate disability payments and the employer ordered plaintiff back to work. Plaintiff returned to work and alleges to have reinjured his back on May 6, 1982.

In November, 1983, plaintiff filed a medical malpractice action in the Wayne Circuit Court against the insurer, his employer and defendant. Service on defendant was never effected. The circuit court judge granted summary judgment in favor of the employer, holding that plaintiff had failed to state a claim upon which relief could be granted because no physician-patient relationship existed between plaintiff and the employer, and thus plaintiff was owed no duty of care under a malpractice theory. Plaintiff was permitted, however, to amend his complaint to allege fraud and misrepresentation. In August, 1984, defendant was dismissed from the case on the basis of never having been served, and two weeks later plaintiff instituted this separate action against defendant, couched in terms of negligence and fraud, in the Wayne Circuit Court.

Defendant moved for accelerated judgment, arguing essentially that plaintiff's second action was time-barred under the two-year period of limitation applicable in medical malpractice actions. MCL 600.5805(4); MSA 27A.5805(4). The circuit judge ruled that "the essence of the claim in the instant case, as it was in the plaintiff's previous action against the defendant concerning the December 1, 1981 examination, is based in malpractice not fraud." Thus, he concluded, plaintiff's claim was barred by the statute of limitation. In

dictum, the trial judge went on to conclude that even if plaintiff's action was not time-barred, it would be prohibited by the doctrine of collateral estoppel in that the factual and legal matters decided in the first case precluded the finding of a duty owed by defendant to plaintiff under a malpractice theory.

On appeal, plaintiff claims three grounds for error. First, plaintiff argues that his claim is not grounded in malpractice, but essentially in tortious fraud and misrepresentation, and was timely filed within the three-year period of limitation applicable to such claims. MCL 600.5805(8); MSA 27A.5805(8). The thrust of plaintiff's fraud claim is based on the allegation that the physical examination performed by defendant exceeded the scope of the practice of chiropractic as limited by statute. MCL 333.16401; MSA 14.15(16401); see *Attorney General v Beno,* 422 Mich 293; 373 NW2d 544 (1985).

In determining that plaintiff's action was grounded in malpractice, the circuit judge relied in large measure on *Rogers v Horvath,* 65 Mich App 644, 646-647; 237 NW2d 595 (1975), lv den 396 Mich 845 (1976). In *Rogers,* this Court held that the plaintiff had no cause of action for medical malpractice against a doctor who examined her on behalf of her employer in preparation for a workers' compensation hearing. Key to the Court's holding was the fact that the examination was not performed for the diagnosis and treatment of plaintiff and that, therefore, no physician-patient relationship existed. *Rogers,* however, did not deal specifically with the question of the appropriate statute of limitation, but rather with the appropriate duty of care in the absence of a physician-patient relationship.

If plaintiff's claim is in fact grounded in mal-

practice, *Rogers* would require affirmance in this case on the ground that plaintiff failed to state a claim on which relief can be granted, MCR 2.116(C)(8). Moreover, if the claim is grounded in malpractice, it was, of course, untimely filed under the two-year period of limitation, and was thus properly dismissed by the trial court. Plaintiff tries to avoid the Scylla of *Rogers* and the Charybdis of the two-year period of limitation by showing that his action is based not in malpractice but in tortious misrepresentation and fraud. In determining the appropriate statute of limitation governing a case, we read the party's claim as a whole and look beyond the procedural labels to determine the exact nature of the claim. *Belleville v Hanby,* 152 Mich App 548, 551; 394 NW2d 412 (1986). *Rogers* is helpful in deciding whether the instant plaintiff's action is actually based in misrepresentation or fraud.

In *Rogers,* the plaintiff alleged fraud by the examining physician on the basis of his having reported a "false" diagnosis to plaintiff's employer and having testified regarding that diagnosis at a workers' compensation hearing. This Court held that, as a matter of law, plaintiff had failed to state a cause of action in fraud. Specifically, the Court found that plaintiff had not alleged reliance on the defendant physician's representations or inducement to act or refrain from acting based on these representations. Although plaintiff in this case seeks to distinguish *Rogers* by claiming to have adequately alleged reliance and inducement, the facts do not support his argument.

While it seems clear that plaintiff's employer and the compensation insurer acted on defendant's opinion, it is difficult to understand how plaintiff was induced, or caused to rely in any way, on that opinion. According to his deposition testimony,

plaintiff thought that defendant's opinion was wrong. At his deposition, plaintiff answered defense counsel's questions as follows:

> *Q.* The fact that Dr. Barbarotto wrote a letter about your condition did not alleviate your concern that you might be injured, did it?
> *A.* No.
>
>              *   *   *
>
> *Q.* Reading that sentence, that Dr. Barbarotto did not find you disabled and found you capable of doing your duties, that did not change your mind, did it?
> *A.* What do you mean?
> *Q.* It did not change your mind from your belief that you were disabled and unable to do your duties?
> *A.* No, it did not change my mind.
> *Q.* Right. You disagreed with that, didn't you?
> *A.* Yes.
> *Q.* You did not rely on that sentence and believe that you were able to work or do your duties, did you?
> *A.* No.
> *Q.* This letter did not convince you you were able to do your duties, did it?
> *A.* No.

Plaintiff cannot successfully claim misrepresentation in the absence of reliance on defendant's opinion or the belief that that opinion was true. Prosser, Torts (4th ed), § 108, p 714; *Smart v New Hampshire Ins Co,* 148 Mich App 724, 732; 384 NW2d 772 (1985). Plaintiff is bound by his deposition testimony. *Northern v Fedrigo,* 115 Mich App 239, 246; 320 NW2d 230 (1982); *Stefan v White,* 76 Mich App 654, 659-660; 257 NW2d 206 (1977).

Thus, since plaintiff failed to establish a prima facie case of fraud or misrepresentation, he cannot

seek the protection of the three-year period of limitation applicable to such actions. Plaintiff's complaint is transparently based on malpractice, and the two-year malpractice period of limitation is accordingly applicable. Since plaintiff filed his action outside the two-year limit, we conclude that the trial court did not err in granting defendant's motion on this basis.

Second, plaintiff argues that the circuit court erred in granting accelerated judgment as to plaintiff's negligence claim. Contrary to defendant's assertion, this issue is not raised by plaintiff for the first time on appeal.

Medical professionals may be liable for ordinary negligence as well as for malpractice. *Adkins v Annapolis Hospital,* 420 Mich 87, 95, n 10; 360 NW2d 150 (1984), *Becker v Meyer Rexall Drug Co,* 141 Mich App 481; 367 NW2d 424 (1985), lv den 423 Mich 852 (1985), and *Nemzin v Sinai Hospital,* 143 Mich App 798, 804; 372 NW2d 667 (1985). However, a complaint may not avoid application of the two-year malpractice period of limitation merely be couching its causes of action in terms of ordinary negligence. *Becker, supra,* p 483.

In this case, paragraph 14 of plaintiff's complaint alleges:

> That defendant, John Barbarotto, breached his duty to the plaintiff by the following negligent and/or gross negligent acts and/or omissions:
> a) failing to correctly and promptly identify and report plaintiff's condition;
> b) performing physical examination beyond the scope of his expertise;
> c) failing to consider the significance of plaintiff's symptoms and to recomment [sic] that a medical doctor be consulted.

Clearly, plaintiff alleges a breach of duty which

arose out of the professional relationship between defendant, a licensed chiropractor, and plaintiff. Plaintiff in essence declares that defendant failed to properly discharge his professional duties, resulting in damage to plaintiff. Such is the key to a malpractice claim.

The *Adkins* panel of this Court, quoting *Cotton v Kambly,* 101 Mich App 537, 540-541; 300 NW2d 627 (1980), lv den 411 Mich 1033 (1981), specified that

> medical malpractice . . . has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality, in light. of the present state of medical science. [*Adkins v Annapolis Hospital,* 116 Mich App 558, 564; 323 NW2d 482 (1982).]

Plaintiff's allegations that defendant incorrectly identified plaintiff's medical condition and failed to consider the significance of plaintiff's physical symptoms indicate that defendant's negligence occurred, if at all, as a result of a failure to exercise a sufficient degree of professional skill. Thus, plaintiff's claim is based in malpractice. A plaintiff may not evade the appropriate limitation period by artful drafting. See *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968); *Reiterman v Westinghouse, Inc,* 106 Mich App 698, 705; 308 NW2d 612 (1981).

Having decided that plaintiff's claim sounds in malpractice and that the circuit court did not err in granting defendant's motion for accelerated judgment on the basis that the claim was filed untimely under the appropriate statute of limita-

tion, we decline to address plaintiff's argument based on dictum in the circuit court's opinion concerning collateral estoppel.

Affirmed.