DYER v TRACHTMAN

Docket No. 235114. Submitted January 14, 2003, at Lansing. Decided
    March 13, 2003, at 9:05 A.M. Leave to appeal granted, 468 Mich ___.
Marquis Dyer brought an action in the Oakland Circuit Court against
    Edward P. Trachtman, D.O., seeking damages for injuries allegedly
    sustained in the course of an independent medical examination
    conducted by the defendant for an unrelated civil action. The
    defendant moved for summary disposition, alleging that the claim
    of professional negligence could not be supported because there
    was no physician-patient relationship between the plaintiff and the
    defendant. The court, Denise Langford Morris, J., agreed with the
    defendant and granted his motion. The court also denied the plain-
    tiff's motion to amend his complaint to allege ordinary negligence,
    finding any amendment would be futile because any claim of negli-
    gence against a physician would be a claim of professional negli-
    gence. The plaintiff appealed.
    The Court of Appeals held:
    The trial court properly granted summary disposition with regard
to the claim of professional negligence on the basis that a physi-
cian-patient relationship is a prerequisite for a professional negli-
gence or malpractice cause of action against a physician. The trial
court erred in denying the motion to amend the complaint. This
part of the court's order must be reversed and the matter must be
remanded for further proceedings. A physician conducting an inde-
pendent medical examination does not enter into a physician-
patient relationship and the law does not impose a general duty to
examine, diagnose, or treat the examinee in a professional manner,
at the risk of liability for malpractice. However, the physician does
voluntarily accept a lesser duty to conduct the examination in a
manner that will not affirmatively cause physical harm to the
examinee. The fact-finder must determine whether the physical
injury proximately resulted from a negligent act of the physician.
    Affirmed in part, reversed in part, and remanded.

PHYSICIANS AND SURGEONS — INDEPENDENT MEDICAL EXAMINATIONS —
    NEGLIGENCE.

    A physician conducting an independent medical examination does not
        enter into a physician-patient relationship with the examinee; the

law does not impose on such a physician a general duty to examine, diagnose, or treat the examinee in a professional manner, at the risk of liability for malpractice; the physician does, however, voluntarily accept a lesser duty and must conduct the examination in a manner that will not affirmatively cause the examinee physical harm; liability will not be imposed unless the fact-finder determines that the examinee's physical injury proximately resulted from a negligent act of the physician.

*Robert J. Dinges & Associates* (by *Robert J. Dinges*) for the plaintiff.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Paul J. Manion* and *Amy E. Schlotterer*), for the defendant.

Before: COOPER, P.J., and BANDSTRA and TALBOT, JJ.

BANDSTRA, J. Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant and denying plaintiff's motion to amend the complaint. We affirm in part, reverse in part, and remand.

Plaintiff alleged that he was injured in the course of an independent medical examination (IME) conducted by defendant for an unrelated civil action. Plaintiff asserted that, before the examination, he told defendant that he had recently had surgery to repair a tear in the superior labrum of his right shoulder and that the surgeon had placed restrictions on the movement of plaintiff's right arm and shoulder, particularly instructing plaintiff to avoid lifting the arm above forty-five degrees. Plaintiff further asserted that during the course of the examination defendant nonetheless forcefully rotated plaintiff's right arm and shoulder ninety degrees, detaching the labrum from the right shoulder and requiring another surgery to repair the damage.

Plaintiff's original complaint alleged professional negligence against defendant. Defendant moved for summary disposition, arguing that there was no physician-patient relationship between plaintiff and defendant associated with the IME. Plaintiff moved to amend the complaint to include a claim of ordinary negligence. The trial court granted defendant's motion, agreeing with defendant that there was no physician-patient relationship and that a claim of professional negligence could not be brought. The trial court further denied plaintiff's motion to amend the complaint, concluding that it would be futile to do so because any claim of negligence against the physician would be a claim of professional negligence requiring a physician-patient relationship.[1]

Although the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), because we find no indication that the trial court reviewed evidence outside the pleadings in ordering summary disposition, we review this matter under MCR 2.116(C)(8), which is the correct rule

---

[1] Plaintiff's original and amended complaints both contained liability theories other than professional or ordinary negligence. On appeal, however, plaintiff ignores all but one such theory and, therefore, any claim that the trial court erred in dismissing the original complaint by failing to allow amendment of the complaint to include those theories has been waived. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Plaintiff briefly mentions his contention below that defendant was liable under a third-party beneficiary theory, but that argument is not contained within the statement of questions presented as required by MCR 7.212(C)(5). Further, plaintiff presents no authority upon which we could conclude that a third-party contract theory is viable under facts even remotely similar to this case. For both these reasons, we conclude that defendant has waived any argument he might have had regarding the third-party beneficiary theory of liability. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998); *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000). Upon remand, therefore, plaintiff is entitled to file an amended complaint alleging only a negligence theory of liability against defendant consistent with the remainder of this opinion.

under these circumstances.[2] A trial court's decision to grant summary disposition pursuant to MCR 2.116(C)(8) is reviewed de novo, to determine "whether the plaintiff has stated a claim upon which relief can be granted." *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001).

A physician-patient relationship is a prerequisite for a professional negligence or malpractice cause of action against a physician. *Hill v Kokosky*, 186 Mich App 300, 302-303; 463 NW2d 265 (1990). In an IME context, there is no physician-patient relationship and there can be no liability for professional negligence or medical malpractice. See *Rogers v Horvath*, 65 Mich App 644, 647; 237 NW2d 595 (1975) ("[T]he defendant did not owe plaintiff any duty arising from a physician-patient relationship. . . . [W]e hold that the physician in such a case does not owe such a duty of care as will subject him to liability for malpractice."). While *Rogers* is not binding, see MCR 7.215(I)(1), we note that it is consistent with cases from other jurisdictions,[3] we find it persuasive and we adopt its rea-

---

[2] In granting summary disposition, the trial court essentially found that defendant owed no duty to plaintiff. Whether a defendant owes any duty to a plaintiff to avoid negligent conduct is a question of law for the court to determine. *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). "Where no legal duty exists, the plaintiff has failed to state a claim upon which relief can be granted and summary disposition in favor of the defendant is appropriate pursuant to MCR 2.116(C)(8)." *Schmidt v Youngs*, 215 Mich App 222, 224-225; 544 NW2d 743 (1996). See also *Energy Reserves, Inc v Consumers Power Co*, 221 Mich App 210, 216; 561 NW2d 854 (1997) (where summary disposition is granted under the wrong rule, this Court will review the order under the correct rule).

[3] See, e.g., *Martinez v Lewis*, 969 P2d 213, 219-220 (Colo, 1998); *Hafner v Beck*, 185 Ariz 389, 392; 916 P2d 1105 (Ariz App, 1995); *Rand v Miller*, 185 W Va 705, 706-708; 408 SE2d 655 (1991); *Felton v Schaeffer*, 229 Cal App 3d 229, 234-239; 279 Cal Rptr 713 (1991); *Thomas v Kenton*, 425 So 2d 396, 399-400 (La App, 1982); *Hoover v Williamson*, 236 Md 250, 253; 203 A2d 861 (1964).

soning and result. Accordingly, the trial court appropriately granted defendant's motion for summary disposition of plaintiff's professional negligence cause of action as stated in the original complaint.

However, plaintiff's attempt to allege ordinary negligence against defendant through the amended complaint presents a different question. The trial court denied the motion to file the amended complaint on the grounds of futility, reasoning that an ordinary-negligence claim could not be supported under the facts alleged. Again, this is a question of law we review de novo. *Gunsell v Ryan*, 236 Mich App 204, 208; 599 NW2d 767 (1999). We disagree with the trial court.

In *Rogers, supra,* the Court stated that its rule against malpractice claims arising from an IME did not necessarily extend to other theories of liability: "This is not to say that a physician who examines a person for reasons other than diagnosis or treatment and for the benefit of some one other than the examinee owes no duty of due care to that person." *Rogers, supra* at 647. However, as noted earlier, *Rogers* is not controlling. Further, this bare statement, presented without any citation of authority or further analysis, was dictum not addressing a question presented by the facts before the Court. We thus turn to other case law in determining the issue.

Both parties concede that there is no Michigan precedent addressing the situation presented here, where a plaintiff alleges that a physician conducting an IME caused physical harm to the plaintiff during the examination. In the only reported Michigan cases where a plaintiff alleged damages against an IME physician, the contention was that the physician had failed to appropriately conduct the examination and thus failed to properly diagnose a condition. See *id.* at 645-646; see

also *Sexton v Petz*, 170 Mich App 561, 565-566; 428 NW2d 715 (1988); *MacDonald v Barbarotto*, 161 Mich App 542, 549-550; 411 NW2d 747 (1987).

Turning to precedent from other states, we find support for plaintiff's argument that a claim for negligence is valid under the facts alleged here. In *Greenberg v Perkins*, 845 P2d 530, 532 (Colo, 1993), the plaintiff was required by an IME physician to undergo a series of physical tests with a third party following the IME, and those further tests resulted in back problems and surgery. Reviewing precedents from other jurisdictions, the Colorado Supreme Court recognized the " 'general rule' that in the absence of a physician-patient relationship a physician owes no duty to an examinee." *Id.* at 535. The court nonetheless concluded that "cases from other jurisdictions uniformly recognize that even in the absence of a physician-patient relationship, a physician owes a duty to the person being examined to exercise professional skill so as not to cause harm to that person by negligently performing the examination." *Id.* at 536. The court adopted that approach, reasoning:

> This conclusion is in accord with the principle that a physician's duty is commensurate with the type and degree of responsibility that he assumes. Thus, if a physician undertakes to diagnose, treat, or otherwise care for a person, an action will lie if he performs these functions negligently. So too, if the physician undertakes to examine a person, even if he does so for the sole benefit of a third party, he will owe a duty to the examinee to exercise professional skill in conducting the examination and will be liable for injuries that result from negligent performance of this function. [*Id.*]

In *Ramirez v Carreras*, 10 SW3d 757, 760 (Tex App, 2000), the plaintiff alleged that a doctor injured him while performing an IME related to a worker's com-

pensation claim. The court reasoned that "[t]he duty not to injure is entirely different in scope and application from the standard of care in medical negligence causes of action." *Id.* The court recognized that, in the absence of a physician-patient relationship, "the physician cannot be liable for professional negligence because he has no duty to exercise professional care." *Id.* at 761. Nonetheless, a "duty not to injure" remains, one that "is violated only by an affirmative act which causes injury." *Id.* at 762.

> Thus, when a physician examines a nonpatient for the benefit of a third party, the physician is not required to use professional medical care, and thus may not be held liable for professional negligence, but is required to perform the examination in such a manner so as not to injure the examinee. [*Id.*]

*Greenberg* and *Ramirez* find support, albeit in dicta, in a number of cases from other jurisdictions.[4] We find these precedents to be persuasive. A physician conducting an IME does not enter into a physician-patient relationship with the examinee. Thus, the law does not impose any general duty to examine, diagnose, or treat the examinee in a professional manner, at the risk of liability for malpractice. Nonetheless, the physician does voluntarily accept a much lesser duty to conduct the IME in a manner that will not affirmatively cause physical harm to the examinee during the examination. Accordingly, a physician can

---

[4] See, e.g., *Hafner*, n 3 *supra* at 392, quoting *Johnston v Sibley*, 558 SW2d 135, 137-138 (Tex Civ App, 1977), and *Rand*, n 3 *supra* at 708, quoting *Felton*, n 3 *supra* at 235.

be liable if, because of the physician's negligence, the IME results in such harm to the examinee.[5]

In *Ramirez, supra* at 763-764, the court concluded that the duty not to injure is a "strict duty" that is violated whenever physical harm occurs during an IME. We disagree. Liability cannot be imposed against a physician who does nothing negligent, just because some physical injury occurs during an IME, without any further analysis. The fact-finder must determine what actually occurred during the IME and decide whether physical injury proximately resulted from some negligent act on the part of the physician. The present case is illustrative because it presents many questions regarding what plaintiff told defendant, what defendant did during the IME, whether defendant's actions were negligent,[6] and how defendant's actions related to any injury suffered by plaintiff.

We affirm the trial court's order granting summary disposition against plaintiff's original complaint that alleged professional negligence (medical malpractice). We reverse the order denying plaintiff's motion to file an amended complaint alleging ordinary negligence, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[5] We do not consider whether the duty recognized here extends to situations where an IME physician's negligence causes injury other than physical harm. See, e.g., *Rand,* n 3 *supra* at 708 (criticizing cases where "the physician was found to have a duty to conduct the examination so as not to injure the plaintiff, physically or *otherwise*"). (Emphasis in original.)

[6] We recognize that a determination of negligence might require testimony regarding what a reasonable physician would have done during the IME here. However, that testimony would not transform this case into a malpractice action in contravention of *Rogers, supra.* The question would still be whether defendant negligently caused plaintiff physical harm, in violation of the limited duty attendant an IME.