*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SUTTON, JR.,

      Plaintiff-Appellant,

v

BEZTAK COMPANY, MORNINGTON
ASSOCIATES LLC, and DEBORAH
WISTERMAN,

      Defendants-Appellees.

UNPUBLISHED
January 12, 2023

No. 360631
Oakland Circuit Court
LC No. 2021-186377-CZ

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition under MCR 2.116(C)(10) in favor of defendants in this action arising from plaintiff's eviction from an apartment allegedly owned and managed by defendants. We affirm.

In February 2021, plaintiff filed his complaint, *in propria persona*, against defendants. In Count I, plaintiff labeled his claim: "Restatement (2nd) of Torts, § 45, Negligent and Intentional Infliction Emotional Distress." Plaintiff averred that he was African-American and defendants "negligently and intentionally inflicted emotional distress" on him when they "served notice of eviction on plaintiff and alleged that plaintiff violated the following sections of the lease agreement of 12/18/2019: 11. Alterations and 8 Responsibility to Other Residents." Plaintiff averred that defendants' conduct "was for an ulterior motive or purpose" and "was extreme, outrageous, and of such character as not to be tolerated by a civilized society." In Count II, plaintiff labeled his claim: "Breach of Contract," and averred that defendants failed to abide by the terms of the lease as plaintiff had requested. In Count III, plaintiff labeled his claim: "Retaliatory Eviction, MCL 600.5720(1)(a)," and averred that his eviction was primarily a penalty against plaintiff for his attempt to enforce rights under the lease. Plaintiff requested that the notice for eviction be dismissed and that he be awarded damages, costs, and other relief to which he was entitled.

In December 2021, defendants filed a motion for summary disposition under MCR 2.116(C)(8) and (10). According to defendants, plaintiff had been a tenant at Muirwood

Apartments since about November 2017; the most recently executed lease agreement was with defendant Mornington Associates from February 16, 2020 through February 15, 2021. Defendants explained that plaintiff was subject to summary proceedings in the district court to recover possession of the apartment on the grounds that plaintiff had harassed other occupants of the apartment complex throughout his tenancy, and such conduct resulted in those tenants terminating their tenancies. In one case, plaintiff allegedly was upset with a neighbor's children playing in the parking lot and threatened and harassed the cotenant, causing fear for the welfare of that family and the cotenant moved out. In a second case, plaintiff allegedly was upset with a neighbor's puppy making too much noise and, based on plaintiff's complaint to police, was given a citation. The cotenant requested to be released from the lease based on plaintiff's behavior and moved out. In a third case, plaintiff allegedly was upset with noise coming from an upstairs neighbors' apartment and would pound on his ceiling, knock on their apartment door, call the police and complain, point his cameras at their carport and engage in other harassing behaviors which was unsettling to the cotenants.

Defendants argued that plaintiff's complaint should be summarily dismissed. First, defendants argued, plaintiff's claims for negligent and intentional infliction of emotional distress are clearly unenforceable as a matter of law. Plaintiff did not witness harm to a family member and thus would not be entitled to "bystander recovery" even if a claim of negligent infliction of emotional distress was cognizable in Michigan. Likewise, even if a cause of action for intentional infliction of emotional distress was cognizable in Michigan, defendants' conduct could not be considered extreme and outrageous so as to give rise to liability. Defendants merely pursued their "lawful right to seek to evict Plaintiff in a permissible manner after multiple complaints and concerns about Plaintiff from his neighbors." Second, defendants argued, plaintiff's breach of contract claim must be dismissed because he failed to attach the lease to his complaint as required under MCR 2.113(C)(1). In any case, the only executed lease that existed was between plaintiff and defendant Mornington, as landlord, and plaintiff failed to identify how the contract was breached; therefore, plaintiff failed to state a claim and it must be dismissed. Third, defendants argued, plaintiff's "retaliatory eviction" claim was premised on MCL 600.5720(1)(a) which is a defense in district court summary proceedings and is not an independent cause of action; therefore, plaintiff failed to state a claim and it must be dismissed. Defendants attached exhibits to their motion, including the following: a lease executed by plaintiff on December 18, 2019 and by an agent of defendant Mornington on January 21, 2020; a lease executed by plaintiff on January 29, 2021 but not by defendant Mornington; a complaint to recover possession of property dated March 5, 2021 and a summons stating a hearing date of March 30, 2021; a notice to quit seeking eviction dated February 2, 2021; and an affidavit of defendant Deborah Wisterman, manager of defendant Muirwood Apartments for Mornington Associates, dated December 8, 2021, which detailed the reasons for seeking plaintiff's eviction, i.e., plaintiff's alleged harassing conduct.

Plaintiff filed a response to defendants' motion for summary disposition, arguing that the evidence was insufficient to support dismissal of plaintiff's complaint. Generally, plaintiff denied harassing and threatening cotenants. Plaintiff argued that Count I of his complaint stated a claim for which relief should be granted because his "claim for negligence and intentional infliction of emotional distress is made on his own behalf, for his own injuries, for a tort directed at him rather than another person." It arises from a wrongful eviction action and it may be "maintained as a separate, independent cause of action . . . ." And from the fact that defendants erroneously reported a false rental history to the credit bureau Experian, claiming plaintiff's rent payments were late

which was a falsehood and impaired plaintiff's ability to obtain rental housing. Further, plaintiff argued, Count II of his complaint stated a claim for breach of contract because the term of the lease was from February 16, 2021 through September 15, 2021, but defendants sought to evict plaintiff months before the term of the lease expired and the eviction proceedings were initiated without legal or factual justification. And, plaintiff argued, Count III of his complaint stated a claim for retaliatory eviction under MCL 600.5720(1)(a) because he was being evicted for enforcing his rights under the lease. Therefore, defendants' motion for summary disposition should be denied. Plaintiff attached exhibits to his responsive brief, including the following: a notice to quit seeking eviction dated February 2, 2021; the affidavit of defendant Deborah Wisterman, dated December 8, 2021; a lease executed by plaintiff on January 29, 2021 and by an agent of defendant Mornington on February 1, 2021 for a rental term 2/16/21 to 9/15/21; Credit report information from Experian; an email dated September 29, 2021 denying a rental application for housing based on credit report information; and several letters to defendant Muirwood authored by plaintiff detailing his various complaints.

Defendants filed a reply in support of their motion for summary disposition, arguing that an agent of defendant Mornington never signed the lease on February 1, 2021 as claimed by plaintiff, and an affidavit was submitted by the purported agent denying that it was her electronic signature on the lease. Further, defendants argued, they did not make any reports about plaintiff's payment history and because the eviction matter was pending in the district court, rent had not been accepted from plaintiff. The tenant account program may reflect that fact, which may have been shared to other program users without defendant Mornington's input. In any case, defendants argued, plaintiff's responsive brief failed to raise any genuine issues of material fact that precluded summary disposition in defendants' favor; therefore, plaintiff's complaint should be dismissed in its entirety.

Thereafter, defendants submitted a supplemental brief stating that an agent of defendant Muirwood Apartments did, in fact, sign the lease on February 1, 2021—as plaintiff had claimed—but the wrong employee's name was electronically inserted. In any case, defendants argued, the lease ending on September 15, 2021 was inconsequential to plaintiff's claims because that lease had also expired.

On March 7, 2022, the trial court issued its amended order and opinion granting defendants' motion for summary disposition under MCR 2.116(C)(10). First, the court dismissed plaintiff's negligent infliction of emotional distress claim because he had "not made any allegations that suggest he witnessed a physical injury to an immediate family member or that he suffered any damages as a result." Second, the court dismissed plaintiff's intentional infliction of emotional distress claim because plaintiff had not established extreme and outrageous conduct, and further, although he claimed the eviction was illegal, such argument is more appropriately made in the summary proceedings. Third, the court dismissed plaintiff's breach of contract claim because plaintiff failed to establish actions by defendant Mornington that amounted to breach of the lease, and presented no evidence of a contract between himself and either defendants Beztak or Wisterman. Fourth, the court dismissed plaintiff's claim for "retaliatory eviction" under MCL 600.5720(1)(a) because that statute is part of the summary proceedings statute which means that such a claim must be raised in the district court; the circuit court had no jurisdiction. Accordingly, the trial court granted defendants' motion in its entirety and plaintiff's complaint was dismissed. Plaintiff filed his claim of appeal, *in propria persona*, on March 14, 2022.

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition as to all of his claims. We disagree.

We review de novo a lower court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 173; 858 NW2d 765 (2014). The pleadings, affidavits, depositions, and other documentary evidence is reviewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists for the trier of fact to decide. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). If reasonable minds could differ on an issue, a genuine issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). But a mere possibility that the claim might be supported by evidence at trial is insufficient to defeat a motion for summary dismissal. *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

First, plaintiff argues that "the trial court erred dismissing his ordinary negligence claim on the basis that it was a 'negligent infliction of emotional distress claim.' " However, plaintiff's complaint did not assert an ordinary negligence claim. Count I of plaintiff's complaint was labeled: "Restatement (2nd) of Torts, § 45, Negligent and Intentional Infliction Emotional Distress." It is true, as plaintiff asserts, that courts are not bound by labels and that a claim will be identified by considering it as a whole. *Simmons v Apex Drug Stores, Inc*, 201 Mich App 250, 253; 506 NW2d 562 (1993); *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 NW2d 747 (1987). But it was incumbent on plaintiff to state each allegation in a clear, concise, and direct manner, MCR 2.111(A)(1), and to state a claim "with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend," MCR 2.111(B)(1). Plaintiff's complaint simply does not reasonably inform anyone that plaintiff is alleging an ordinary negligence claim. Moreover, plaintiff's responsive brief to defendants' motion for summary disposition did not clarify or mention that he asserted an ordinary negligence claim. Therefore, this argument is without merit.

Next, plaintiff argues that the trial court erred in dismissing his intentional infliction of emotional distress claim because reasonable minds could differ as to whether defendants' conduct in evicting plaintiff was extreme and outrageous under the circumstances, including: plaintiff was 71-years old, had health issues, and paid his rent on time, and his eviction was without notice and done solely to penalize plaintiff for enforcing his rights under the lease. We disagree.

"To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v Taylor*, 263 Mich App 618, 634; 689 NW2d 506 (2004). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' " *Lewis v LeGrow*, 258 Mich App 175, 196; 670 NW2d 675 (2003), quoting *Graham v Ford*, 237 Mich App 670, 674; 604 NW2d 713 (1999). As the trial court concluded, defendants' decision to pursue the eviction of plaintiff through summary proceedings filed in the district court, i.e., in a proper legal manner, cannot be considered extreme and outrageous conduct. And it is apparent in plaintiff's several letters of complaint with regard

to his apartment that he was not satisfied with the housing or the service he was receiving in that regard from defendants. Plaintiff characterized these issues miscellaneously, for example, as "habitability defects" that threatened his quiet enjoyment and indicated, at one point, that he was interested in terminating his rental agreement, stating in a letter dated May 18, 2020 that he would "proceed to find tenancy elsewhere." Defendants' notice to quit, seeking plaintiff's eviction, was dated February 2, 2021. Under the circumstances of this case, we agree with the trial court that defendants' conduct does not qualify as so extreme and outrageous—surpassing all bounds of decency in a civilized society—as to allow recovery for intentional infliction of emotional distress and this claim was properly dismissed.

Next, plaintiff argues that the trial court erred in dismissing his breach of contract claim because defendants did not abide by the terms of the lease when they served him with a notice of eviction. A breach of contract claim required plaintiff to assert that a contract existed between the parties, the contract was breached, and the breach resulted in damages to plaintiff. See *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). While it appears there was a lease between plaintiff and defendant Mornington, plaintiff does not refer us to any particular term of the lease which he claims was breached by defendant Mornington. It appears that plaintiff may be arguing that by seeking his eviction from the premises, defendant Mornington breached the lease. But plaintiff does not refer to any provision in the lease that supports such a claim. Defendants pursued plaintiff's eviction in the district court by authority of the summary proceedings statute, MCL 600.5701 *et seq*., which applies to tenants like plaintiff. Any challenge to the propriety of plaintiff's eviction should have been raised in the district court through those proceedings. And, as the trial court noted, this includes plaintiff's claim under MCL 600.5720(1)(a) that eviction was sought by defendants as a penalty for plaintiff's attempts to enforce his rights under the lease. Further, plaintiff has never produced any evidence of a contract between himself and either defendant Beztak or defendant Wisterman. Accordingly, the trial court properly dismissed plaintiff's breach of contract claim.

In summary, the trial court did not err in granting defendants' motion for summary disposition as to all of plaintiff's claims.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

-5-