**Peter C. SAARI, Appellant,**

v.

**Thomas LITMAN, M.D., Respondent.**

**No. C7–91–2548.**

Court of Appeals of Minnesota.

June 30, 1992.

Peter C. Saari, pro se.

William M. Hart, Richard L. Pemberton, Jr., Meagher & Geer, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Peter C. Saari brought an action alleging malpractice and other claims against respondent Thomas Litman, M.D., who examined appellant at the direction of an insurance company for purposes of determining eligibility for benefits. The trial court granted summary judgment for respondent. We affirm.

## FACTS

In March of 1990, appellant was involved in an automobile accident and received medical and chiropractic treatment for injuries claimed as a result of the accident. Appellant thereafter sought no-fault benefits from his insurer, American Family Mutual Insurance Company. American Family required appellant to submit to a medical examination pursuant to Minn.Stat. § 65B.56, subd. 1 (1990). Respondent examined appellant on two occasions and submitted a medical report to American Family, which contained his conclusions and opinions based on the examination.

In November 1990, American Family informed appellant it was discontinuing no-fault benefits based on respondent's information. Appellant then initiated a lawsuit against respondent, alleging malpractice, "breach of doctor-patient relationship," and battery. The trial court granted respondent's motion to dismiss appellant's complaint for failure to state an actionable claim. This appeal followed.

## ISSUES

1. Did the trial court err in granting summary judgment on appellant's malpractice claim?

2. Did the trial court err in granting summary judgment on appellant's "breach of doctor-patient relationship" claim?

3. Did the trial court err in granting summary judgment on appellant's battery claim?

## ANALYSIS

1. Appellant alleges that the trial court erred by ruling, as a matter of law, that respondent did not commit malpractice in the course of his examination. The trial court found that no patient-physician relationship existed between the parties, and therefore no malpractice cause of action could lie.

When a physician examines an individual upon the direction of a third party for the purposes of determining whether that individual should receive workers' compensation benefits, no patient-physician relationship exists. *Henkemeyer v. Boxall*, 465 N.W.2d 437, 439 (Minn.App.1991), *pet. for rev. denied* (Minn. Mar. 27, 1991). When a physician examines an individual only to determine the accuracy and necessity of another doctor's diagnosis for treatment, the examining physician does not stand in the patient-physician relationship with that individual. *See id.* Here, respondent examined appellant for discovery purposes only, not to give or recommend treatment.

Appellant attempts to distinguish *Henkemeyer* in that *Henkemeyer* dealt with a workers' compensation claim rather than a no-fault claim. Although *Henkemeyer* did arise under different facts, the analysis of whether a patient-physician relationship exists when a claimant is examined, at the direction of the adverse party, to determine eligibility for compensation applies to the present case.

In *Henkemeyer*, this court, after analyzing the caselaw from other jurisdictions, concluded that no patient-physician relationship exists when an adverse, discovery-type examination is performed. In the present case, the trial court reasoned that respondent's examination of appellant was indistinguishable from the examination performed in *Henkemeyer* for purposes of the patient-physician relationship. We agree.

■ 2. The trial court dismissed appellant's claim for damages, costs, and fees allegedly incurred as a result of respondent's refusal to supply appellant with the medical records pertaining to the examinations. The trial court reasoned that, without the requisite patient-physician relationship, respondent was under no duty to fur-

nish appellant with the records. Appellant cites Minn.Stat. § 144.335 as authorizing an award of fees, damages, and costs when a "health care provider" refuses to supply a "patient" with medical records.[1] Although section 144.335 does not specifically state that the patient-physician relationship must exist before any duty arises under it, we conclude this relationship is assumed. The trial court decided that no duty would arise under this statute without the patient-physician relationship. We agree.[2]

■ 3. It is not entirely clear whether appellant is claiming the trial court erred in dismissing his battery claim. In any event, we conclude the trial court did not err. Appellant consented to the examination and knew he was being examined at the direction of his insurance company. Additionally, there is no evidence that appellant was harmed in any way by the examination. Appellant's claim that he suffered economic damages is a dispute with his insurance company, not respondent.

## DECISION

An insured who is examined by a physician at the direction of the insured's insurance company does not stand in a "patient-physician" relationship with the examining physician. Therefore, a malpractice claim against the physician for that examination will not lie. Likewise, the physician is not liable for fees and damages under Minn. Stat. § 144.335 for the non-release of the medical records of the adversely-examined individual. A battery claim will not lie when a physician does not exceed the individual's informed consent.

Affirmed.

---

1. The 1990 version of Minn.Stat. § 144.335 did not specifically provide a remedy for a physician's breach of the duty to supply medical records to that physician's patient. In 1991, subdivision 3a was added to section 144.335, specifying the remedy of fees, damages, and costs for breach of the duty. Because we conclude that section 144.335 does not apply to the relationship between appellant and respondent, we need not decide the issue of whether the

1991 addition of subdivision 3a created a remedy or merely clarified a pre-existing remedy.

2. Contrary to appellant's assertions, Minn.Stat. § 144.335 does not create the patient-physician relationship. Instead, this statute defines a specific portion of the duty after the duty has been established.