**Bruce LARSON, Respondent,**

v.

**Richard A. LARSON, Appellant.**

**No. C4–83–470.**

Supreme Court of Minnesota.

Aug. 23, 1985.

John D. Kelly, Richard J. Leighton, Duluth, for appellant.

Gerald W. Murphy, James D. Robinson, Jr., Duluth, for respondent.

KELLEY, Justice.

The issue in this case is whether a police officer who, during the course of an arrest of an intoxicated driver, received a vague threat that the offender might "get" his house, had a duty to warn his brother of that threat when he left the house in the care of that brother two months later. Based on the circumstances of this case, we hold that he had no duty to warn.

Appellant Richard Larson was an officer with the Two Harbors' Police Department. On April 26, 1981, as part of his official duties, he stopped a speeding vehicle. The driver was intoxicated. Marijuana as well as open intoxicating liquor containers were found in the vehicle. During the course of the stop and subsequent arrest, the driver threatened appellant's property.[1] The

threat was recorded by appellant in his police report. He had, however, received previous threats during the course of his duties as a police officer from persons he had sought to arrest.

Approximately two months later, near the end of June, appellant was designated by the City of Two Harbors to attend the Minnesota Police and Peace Officers' Association Convention in Grand Rapids. The fact that he was so delegated appeared in the local newspaper a few days before the commencement of the convention. Appellant never saw or learned of the newspaper article until after the explosion giving rise to this case occurred.

Prior to leaving for the convention, appellant asked his brother, respondent Bruce Larson, who lived across the street, to look after his home while he was away. This arrangement had been utilized by the brothers on numerous previous occasions, and, as before, respondent agreed. Appellant left the house unlocked, as he had left it on previous occasions, and informed respondent that his two younger children would be staying with neighbors, and that the oldest child, his daughter Patty, was with in-laws but had permission to return home to pick up clothing, toys, and other needed items. On other occasions when appellant had left home he left his dog at home, and the dog was cared for by the respondent. On this occasion, however, appellant took his dog with him but neglected to so inform his brother. He did not tell respondent about the threat from the intoxicated person made approximately two months previously.

During the afternoon on the first day of appellant's absence, respondent, while working in his yard, heard the sound of breaking glass at appellant's home. Assuming that appellant's dog had gotten into trouble, respondent went to investigate. As he opened the door to enter appellant's house, he was blown out the door by an explosion and blast of flame and sustained

---

1. At the trial, appellant described the threat: "He told me that as long as I was going to be arresting him, I might as well write him all the tickets I want because he knows where my house [sic] and he'll get it."

personal injuries. An ensuing investigation revealed that the explosion had been caused by an amateur arsonist. The identity of that arsonist was never ascertained.

Respondent commenced this action alleging that appellant was negligent in failing to warn him of the threat to his house received two months before. The trial judge submitted the duty/foreseeability issue to the jury. In doing so the judge relied in essence on the landowner's duty toward an entrant found in JIG II, 331 G–S.[2] The jury found both appellant and respondent negligent, finding appellant 75 percent negligent and respondent 25 percent negligent.

Appellant contends on appeal that the trial court erred in submitting the instruction, and that as a matter of law, under the circumstances of this case, he had no duty to warn his brother of the vague threat received some two months previous to the time of the explosion.

■ Generally, the existence of a legal duty is an issue for the court to determine as a matter of law. W. Prosser, *Handbook of the Law of Torts* § 45 (4th ed. 1971). In this case, the issue is whether the criminal act of arson was sufficiently foreseeable to impose the duty to warn on appellant. *See Pietila v. Congdon,* 362 N.W.2d 328, 333 (Minn.1985); *Lundgren v. Fultz,* 354 N.W.2d 25, 28 (Minn.1984); *Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928).[3] Although we have stated that in close cases foreseeability may be for jury resolution, *see Lundgren,* 354 N.W.2d at 28, the foreseeability issue in the instant case was clear and should have been decided by the court as a matter of law.

■ The facts of this case support our conclusion. Here almost two months had elapsed since appellant received a vague threat from a drunk. The intoxicated driver evidenced no intent to carry out the threat. The threat was extremely nonspecific. *Cf. Cairl v. State,* 323 N.W.2d 20, 26 (Minn.1982) ("It is apparent, then, that if a duty to warn exists, it does so only when specific threats are made * * *.") Correlatively, of what would a warning consist? of burglary? arson? vandalism? or something else? We also find important the fact that appellant had no knowledge that his absence from his house was publicized in a local newspaper. Finally, the person who made the threat has never been identified as the person who caused the explosion. It seems to us patently clear that any risk was too speculative to impose a duty on appellant to warn. *Cf. Sitarek v. Montgomery,* 32 Wash.2d 794, 802–03, 203 P.2d 1062, 1066–67 (1949).

There was no reasonable basis for a reasonable person in appellant's situation at the time he asked his brother to watch his house to anticipate that the person who had made the threat two months previously would follow through on his drunken exclamations. Because, under the circumstances of this case, it was so speculative and unforeseeable that the threat would mature into harm, we conclude that the trial court should have held this as a matter of law that appellant had no duty to warn of such unforeseeable speculative danger.

2. The court's actual instructions on this issue were:

> Now, a possessor of land—in this case, Richard Larson—has a duty to use reasonable care to warn an entrant who comes upon his premises, and to protect that entrant from an unreasonable risk of harm caused by the condition of the premises while he's on those premises. In determining reasonable care of the landowner, the following factors may be considered: the purpose for which the entrant entered the premises, the circumstances under which the entrant entered the premises, the use to which the premises is put or expected to be put, the foreseeability or possibility of harm, the reasonableness of a warning and the opportunity and ease of giving that warning.

3. This case could also be viewed in terms of a proximate cause issue. But even this analysis would focus on the same question at issue—was the intervening act sufficiently foreseeable? In the first instance, this determination is for the court. *Rieger v. Zackoski,* 321 N.W.2d 16, 23 (Minn.1982).

Our resolution of the duty issue renders it unnecessary to address other issues raised by appellant.

Reversed.

YETKA, Justice (dissenting).

In this case, we have a situation where a policeman acknowledged a threat and entered that threat in his police report, but didn't pass it on to his brother. It seems to me that there was a duty to pass on this threat to the brother. The trial court, in effect, did rule, as a matter of law, that there was a duty to do so when it denied the defendant's motion to dismiss and gave instructions on the case to the jury. Can we say that the brother would not have acted more carefully when approaching the house had he known of the existing threat?

I think the trial court acted carefully here and acted within its discretion in giving the instructions that it did. I would affirm.