Percy P. HELLMAN, Respondent,

v.

JULIUS KOLESAR, INC., et al.,
Defendants and Third Party
Plaintiffs, Appellants,

Northern States Power Company, Third
Party Defendant, Respondent.

No. CO–86–1405.

Court of Appeals of Minnesota.

Jan. 27, 1987.

Thomas J. Lyons, St. Paul, for Percy P. Hellman.

Henry A. Cousineau, Jr., Minneapolis, for Julius Kolesar, Inc., et al.

Stephen C. Lapadat, Minneapolis, for Northern States Power Co.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Julius Kolesar, Inc., and Roger Martin, third-party plaintiffs in a personal injury action, appeal from a summary judgment that Northern States Power Company was

not negligent in the placement of its utility pole. We affirm.

## FACTS

Percy Hellman sued for personal injuries he sustained when his car was forced off a roadway by a vehicle owned by Julius Kolesar, Inc., and driven by Roger Martin. The accident occurred on Glenwood Avenue in Minneapolis. Glenwood Avenue runs through an urban commercial-industrial area and consists of two eastbound lanes and two westbound lanes. Martin was traveling in the left westbound lane, driving an 18–wheel semi-trailer. Hellman was behind Martin in the right westbound lane. Martin, attempting to make a right turn off Glenwood Avenue, failed to observe Hellman and made his turn directly into Hellman's path. To avoid a collision, Hellman swerved his car to the right, crossed over a six-inch cement curb and struck a Northern States Power (NSP) utility pole.

Hellman sued Martin and Kolesar, Inc., who then brought a third-party action against NSP, alleging NSP negligently placed its utility pole too close to the traveled portion of Glenwood Avenue. NSP brought a summary judgment motion on the third-party claims, which the trial court granted. Martin and Kolesar, Inc., settled with Hellman prior to trial, but appeal NSP's summary judgment, contending that material issues of fact exist on NSP's duty to exercise due care.

## ISSUE

Did the trial court err in granting respondent summary judgment?

## ANALYSIS

Minnesota regulates the installation of utility poles by requiring conformity with the accepted standards of construction for safety to life and property stated in the National Electrical Code in force at the time the work is done. Minn.Stat. § 326.-243 (1982).[1] The utility pole which Hellman struck was installed in 1958. The applicable provision of the National Electrical Code required all utility poles to be placed six inches from the edge of the curb. National Electrical Code § 231(c) (1949 ed.). The record shows, and the parties agree, that NSP fully complied with Minn.Stat. § 326.243 and the Code by placing the utility pole 12 inches from the street. The trial court could properly determine that NSP's statutory compliance demonstrated reasonable care.

Although compliance with a statutory standard is evidence of due care, a party may still be negligent if there is a failure in special circumstances to take additional precautions. W. Prosser & P. Keeton, *The Law of Torts*, § 36, at 220 (5th Ed.1984). Whether lack of negligence can be determined as a matter of law depends on the definition of duty and existence of foreseeability. "The common-law test of duty is the probability or foreseeability of injury to the plaintiff." *Austin v. Metropolitan Life Insurance Co.*, 277 Minn. 214, 217, 152 N.W.2d 136, 138 (1967). Justice Cardozo explained this relationship:

> The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension.

*Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928).

In installing the utility pole, NSP was required to anticipate the ordinary and usual use of the highway. *See Knutson v. Lambert*, 235 Minn. 328, 331, 51 N.W.2d

---

1. Minn.Stat. § 326.243 (1982) provides:

   All electrical * * * equipment for electric light, heat and power shall comply with the rules and regulations of the department of public service, the commissioner of insurance, or the department of labor and industry, as applicable, and be installed in conformity with accepted standards of construction for safety to life and property. For purposes of this chapter, the regulations and safety standards stated at the time the work is done in the then most recently published edition of the National Electrical Code * * * shall be prima facie evidence of accepted standards of construction for safety to life and property * * *.

580, 583 (1951).[2] Kolesar, Inc., and Martin maintain that whether NSP also had a duty to foresee the negligence of others when it placed the utility pole is a question for a jury. Generally, the existence of a legal duty is an issue for the court to determine as a matter of law. *Larson v. Larson*, 373 N.W.2d 287 (Minn.1985). In close cases the issue of foreseeability may be for jury resolution. *Id.* at 289.

█ In this case the collision with the utility pole occurred in the extraordinary circumstances of Hellman being forced from the roadway and driving into the pole. Kolesar and Martin provided no evidence that this was a reasonably foreseeable act that NSP should have anticipated. The utility pole was in line with traffic signs and other fixtures in the area. The pole had not been the cause of any other known vehicle damage or injury since it was placed there 29 years ago. Negligence must be predicated upon what one should anticipate and not merely on what actually happened. *Austin*, 277 Minn. at 217, 152 N.W.2d at 138 (citing *McDonald v. Fryberger*, 233 Minn. 156, 46 N.W.2d 260 (1951)). The court did not clearly err in deciding the foreseeability issue as a matter of law.

### DECISION

The trial court correctly granted respondent summary judgment.

Affirmed.

---

**2.** A number of cases which specifically address the duty of a power company in the location of power lines discuss the issue of foreseeability. Representative cases include *Hiedeman v. Hiedeman*, 290 Minn. 210, 187 N.W.2d 119 (1971) (where a line has been safe until it was made dangerous by the act of a third party, negligence may not be predicated on the act unless it could have been anticipated); *Erlandson v. Northern States Power Co.*, 258 Minn. 482, 104 N.W.2d 859 (1960) (defendant power company not negligent as a matter of law where someone doing an act it had no reason to expect suffers injury which might not have been sustained if the wire had been higher); *Greenwald v. Northern States Power Co.*, 226 Minn. 216, 32 N.W.2d 320 (1948) (risk must lie within the range of apprehension).