Debra Lynn BUNDY, et al., Appellants,

v.

Lou Ann HOLMQUIST, Defendant and third-party plaintiff, Respondent, Kathleen A. Lamm, Defendant and third-party plaintiff, Respondent, Karen M. Johnson, Defendant and third-party plaintiff, Respondent,

v.

William B. Nelson, et al., Third-party defendants, Respondents.

No. A03–314.

Court of Appeals of Minnesota.

Oct. 7, 2003.

Randolph T. Brown, Marcus C. Stubbles, P.A., Long Prairie, for Appellants.

Paul A. Rajkowski, Leanne D. Bartishofski, Rajkowski Hansmeier Ltd., St. Cloud, for respondent Karen Johnson.

Dyan Ebert, William V. Faerber, Quinlivan & Hughes, P.A., St. Cloud, for respondent Kathleen Lamm.

Terrence R. Peterson, Scott A. Brehm & Assoc's, St. Paul, for respondent Lou Ann Holmquist.

Marcus Christianson, Maschka, Riedy & Ries, Mankato, for respondents William Nelson, Patricia Nelson and Charles Reichert.

Considered and decided by HUDSON, Judge, RANDALL, Judge, and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellants claim that respondent family created a condition on real estate that caused appellant wife's injuries. The district court granted summary judgment, dismissing the claim on the ground that respondent family had no duty to appellants because the respondent family neither owned nor possessed the property. Because persons who create an unreasonable risk of harm that results in injury are subject to liability for injuries caused by that condition, we reverse and remand for trial.

## FACTS

Appellant wife Debra Bundy fell and broke her ankle when she stepped into a small hole. Respondent sisters, Lou Ann Holmquist, Kathleen A. Lamm, and Karen M. Johnson, had inherited from their mother the rural land where the fall occurred. Respondent sisters then sold the entire tract, which included a building site, to respondents Charles Reichert and William Nelson, who are professional developers. The developers entered into a purchase agreement to sell the portion with the buildings to appellant Debra Lynn Bundy and her husband, appellant Rick Bundy.

Three weeks before closing on their purchase, appellants and one of the developers visited the property. When they arrived, the sisters and some of the sisters' family members were at the property moving their mother's possessions out of the house and removing flower bulbs from the yard. The sisters had permission to temporarily store items in the house and to remove flower bulbs.

Two days before the closing on their purchase, appellants, with permission from the developers, began moving their possessions into the dwelling. Respondent Nelson even met appellants at the house and helped them gain entry. Incident to moving items into the dwelling, appellant wife stepped into a flowerbed. She asserts that she stepped into a hole, which caused her to fall and injure her ankle. Appellant husband asserts that the hole was concealed by grass approximately 6 to 18 inches tall. A friend of the appellants, who was there to help with the move, also testified that the hole was difficult to see unless it was viewed from a certain angle. Respondent sisters assert that neither they nor others helping them dug out any flowers or bulbs where appellant wife fell.

Appellants moved to make Reichert and Nelson direct defendants; the district court granted the motion. After completion of discovery, respondent sisters moved for summary judgment on the grounds that (1) they did not owe appellants a duty because the sisters did not own the property at the time of appellant wife's fall; (2) appellant wife had assumed the risk of injury; (3) appellant wife should not have stepped into the flower bed because it was an open and obvious danger; (4) there was not sufficient evidence that the sisters or others acting on their behalf had dug the hole; and (5) appellant wife was a tres-

passer, and as such was not owed a duty upon which she could recover. The district court granted summary judgment in favor of respondent sisters on the ground that they had sold the premises and were not acting on behalf of Reichert and Nelson. The district court therefore dismissed the sisters from the action, noting that the sisters may still be liable to Reichert and Nelson by way of contribution and indemnity. The district court stated that it was declining to reach the issues of assumption of risk, open and obvious danger, causation, and trespass, but went on to state that there were disputed factual issues that would have prevented summary judgment on those issues. Appellants seek review of the district court's order granting summary judgment in favor of the sisters.

### ISSUES

1. Did the district court err by determining that the sisters did not owe a legal duty to appellant wife?

2. Are the sisters entitled to a summary judgment on issues of assumption of risk, open and obvious danger, causation, or trespass?

### ANALYSIS

We review a district court's grant of summary judgment to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *H.B. ex rel. Clark v. Whittemore*, 552 N.W.2d 705, 707 (Minn. 1996). We view the evidence in the light most favorable to the party against whom summary judgment was granted, and any doubts about the existence of a material fact are resolved in that party's favor. *Id.* There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ,*

566 N.W.2d 60, 69 (Minn.1997) (quotation omitted). A genuine issue of material fact exists when there are issues that can be resolved "only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* (quotation omitted).

■ A defendant in a negligence action is entitled to summary judgment if the record indicates a lack of proof on any of the four requirements of the negligence cause of action: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of the duty being the proximate cause of the injury." *Funchess v. Cecil Newman Corp.*, 632 N.W.2d 666, 672 (Minn.2001) (citation omitted).

### I.

■ We first address whether the district court erred by finding that respondent sisters did not owe appellants a legal duty. The existence of a legal duty is generally an issue for the court to decide as a matter of law. *Larson v. Larson*, 373 N.W.2d 287, 289 (Minn.1985). Thus, this court's review is de novo. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (noting that a reviewing court need not give deference to a district court's decision on a legal issue).

The district court cited *Louis v. Louis*, 636 N.W.2d 314, 318–19 (Minn.2001), and stated that because it is the landowner or possessor who owes the duty of care to entrants upon the land, the critical issue in the case was who owned or possessed the land where the injury occurred. The district court relied on the Restatement (Second) of Torts § 328 (1965) to conclude that the sisters were neither the owners nor possessors of the land at the time the injury occurred and therefore did not owe

appellant a legal duty.[1] Appellants do not challenge the district court's determination that the sisters were not in possession of the land. Appellants only challenge the district court's conclusion that the sisters did not owe appellants a legal duty.

Appellants first assert that the district court should have relied on section 383 of the Restatement (Second) of Torts. Section 383 provides that:

> One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.

Restatement (Second) of Torts § 383 (1965). The rule from section 383 was adopted by Minnesota in *Dishington v. A.W. Kuettel & Sons, Inc.*, 255 Minn. 325, 330, 96 N.W.2d 684, 688 (Minn.1959).[2]

By its terms, section 383 applies only when a person is acting "on behalf of the possessor." The sisters were not acting on behalf of the possessor. It was the sisters who asked for permission to remove the bulbs; they were acting for their own benefit, not for the benefit of the possessor. Appellants' argument is not persuasive, the plain meaning of section 383 precludes its application in this case.

Next appellants argue that section 386 of the Restatement (Second) of Torts applies in this case and results in the sisters being directly liable to appellant. Section 386 provides:

> Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

Restatement (Second) of Torts § 386 (1965).

The plain language of section 386 makes it clear that liability is not limited to owners, possessors, and people acting on behalf of possessors. The comments to section 386 say that the rule "relates to the liability of trespassers and licensees not acting in the possessor's behalf but for their own purposes," and that it applies when "a possessor permits or invites others to come upon his land to use it for their own purposes." Restatement (Second) of Torts § 386 cmts. a & b. "Licensee by permission" is defined as: "[o]ne who has the owner's permission or passive consent to enter the owner's premises for one's own convenience, curiosity, or entertainment." *Black's Law Dictionary* 932 (7th ed.1999). Here, the sisters had permission to enter the land for a limited purpose. That purpose, digging bulbs,

---

1. We note that the issue in *Louis v. Louis* was whether a landowner owed a legal duty to someone who was injured on the landowner's property. *Louis v. Louis*, 636 N.W.2d 314 (Minn.2001). While *Louis* did discuss liability of landowners and possessors, *Louis* did not say that *only* owners and possessors owe a legal duty to entrants and licensees onto a particular piece of property. *Id.*

2. The court in *Dishington* adopted the rule embodied in section 384 of the first Restatement of Torts. That rule is the same as the rule in section 383 of the Restatement (Second) of Torts.

was to benefit the sisters. They were licensees of the possessor and were not acting on the possessor's behalf. Accordingly, section 386, if followed by Minnesota, governs the liability of the sisters.

Minnesota has not explicitly adopted section 386. The only reported case discussing that section is *Carlson v. Rand,* 275 Minn. 272, 146 N.W.2d 190 (1966). In *Carlson,* the plaintiff tripped over a rug located in the storeroom of his mother's home. *Id.* His sister, who did not possess or own the home, placed the rug in the storeroom, so he sued his sister for negligence. *Id.* at 274, 146 N.W.2d at 191–92. The court noted that the plaintiff asserted "that defendant, though not the owner or even an occupant of the place where the accident occurred, had, nevertheless, a duty not to maintain a condition involving an unreasonable risk of physical harm to others," and went on to note that the plaintiff's contention was based upon section 386. *Id.* at 276–77, 146 N.W.2d at 193. The court found that the plaintiff had some duty to watch where he was going and that his sister did not maintain a dangerous condition. *Id.* at 279, 146 N.W.2d at 195. The court noted that section 386 did not apply "in the absence of evidence that defendant by her conduct created a condition she should have recognized as creating 'an unreasonable risk of physical harm to others.'" *Id.* at 279, 146 N.W.2d at 194. While the court did not explicitly adopt section 386, the court indicated that section 386 would apply if the sister had in fact maintained a dangerous condition.

■ We conclude that it is appropriate to apply section 386 in this case. Section 386 is consistent with the underlying theory of negligence that "[e]very person in the conduct of his affairs is under a legal duty to act with care and forethought; and, if injury results to another from his failure so to do, he may be held accountable in an action at law." *Roadman v. C.E. Johnson Motor Sales,* 210 Minn. 59, 63, 297 N.W. 166, 169 (1941) (quotation omitted). Because section 386 allows appellants to pursue a direct action against the sisters, the district court erred by granting summary judgment on this ground. Appellants must still prove the other elements necessary to establish their right to damages.

## II.

■ Next we examine whether summary judgment in favor of the sisters would have been appropriate on the basis of appellant wife assuming the risk, or on the basis of the hole constituting an open and obvious danger, or on the basis that the sisters did not cause the condition that led to appellant wife's injury, or on the basis that appellant wife was a trespasser. *See Myers v. Price,* 463 N.W.2d 773, 775 (Minn.App.1990) (stating that summary judgment shall be affirmed if it can be sustained on any ground), *review denied* (Minn. Dec. 4, 1991). These arguments were presented to the district court; it determined that they were evidentiary issues that required a trial and declined to address them. The parties press the issues on appeal. The parties disagree whether such determinations are appropriate at this stage of the proceedings and if so whether they are warranted by the record.

### A. *Assumption of Risk*

■ The district court was asked to grant summary judgment on the ground that appellant wife assumed the risk of injury. A party assumes the risk when the party has: (a) knowledge of the risk; (b) an appreciation of the risk; and (c) a choice to avoid the risk but voluntarily chose to take it. *Andren v. White–Rodg-*

ers Co., 465 N.W.2d 102, 104–05 (Minn. App.1991), *review denied* (Minn. Mar. 27, 1991). The parties in this case disagree over how to frame the issue. Appellants urge the court to frame the issue as follows: Did appellant wife assume the risk of injury by stepping into the hole? Respondent sisters urge the court to frame the issue as follows: Did appellant wife assume the risk of injury by stepping into an overgrown flowerbed without knowing what was underneath?

A summary judgment determination in respondent sisters' favor would be a determination that as a matter of law appellant wife did assume the risk of injury by stepping into the yard. Such a determination would require a determination that as a matter of law appellant wife had: (a) knowledge of the risk; (b) an appreciation of the risk; and (c) a choice to avoid the risk but voluntarily chose to take it. *Andren*, 465 N.W.2d at 104–05. But there is a genuine issue of material fact as to whether appellant wife had knowledge of the risk. Appellant alleges that she did not see the hole, and if she did not see the hole, then she did not have knowledge of the risk. Accordingly, the district court was correct, summary judgment that appellant assumed the risk of being injured from stepping in the hole is not appropriate.

### B. *Open and Obvious Danger*

■ The district court was asked to grant summary judgment on the ground that there was no duty to warn appellant wife of the hole because the hole was an open and obvious danger. Appellants argue that summary judgment on this ground is improper because the hole was concealed.

The Minnesota Supreme Court has adopted section 343A of the Restatement (Second) of Torts, which provides that a possessor of land is not liable to invitees for physical harm that is caused by open and obvious dangers. *Peterson v. W.T. Rawleigh Co.*, 274 Minn. 495, 496–97, 144 N.W.2d 555, 557 (1966) (quoting Restatement (Second) of Torts § 343A (1965)). The rationale underlying this rule is that "no one needs notice of what he knows or reasonably may be expected to know." *Louis*, 636 N.W.2d at 322 (quotation omitted). The test for whether a hazardous condition is open and obvious is not whether the injured party actually saw the danger, but whether it was in fact visible. *Martinez v. Minnesota Zoological Gardens*, 526 N.W.2d 416, 418–19 (Minn.App. 1995), *review denied* (Minn. Mar. 29, 1995).

Here, appellant wife and at least two other people testified that the hole was not clearly visible. Because the question is whether the danger is visible, this testimony establishes a factual dispute and prevents a summary judgment determination that the hole posed an open and obvious danger.

### C. *Causation*

■ Respondent sisters moved for a summary judgment determination that there is not evidence that the sisters dug the hole at issue and that they therefore were not liable for appellant wife's injuries. Appellants argue that the evidence indicates that respondent sisters, or other family members acting on their behalf, did in fact dig the hole into which she fell. Whether the sisters or their family members dug the particular hole that caused appellant wife to fall is a genuine issue of material fact. Accordingly, a summary judgment determination that the sisters did not cause appellant wife's injuries is not appropriate.

### D. *Trespass*

■ Respondent sisters moved for summary judgment on the ground that appel-

lant wife was a trespasser to whom no duty was owed. However, since the record indicates that appellant wife was on the property with the consent of the owner and was therefore not a trespasser, this claim has no factual basis in the record. Summary judgment against appellants would not have been appropriate on this ground.

## DECISION

Because section 386 of the Restatement (Second) of Torts allows appellants to pursue a direct action against the sisters, and because the sisters are not entitled to summary judgment on any of the other asserted grounds, we reverse the district court and remand this case for further proceedings.

**Reversed and remanded.**