**Geraldine M. PRESBREY as Trustee for the heirs and next of kin of Paul C. Presbrey, Deceased, Appellant,**

**v.**

**Jonathan JAMES, et al., Respondents.**

**No. A09–1686.**

Court of Appeals of Minnesota.

April 13, 2010.

Dean M. Salita, Brabbit & Salita, P.A., Minneapolis, MN, for appellant.

Marcus J. Christianson, Jorun Groe Meierding, Maschka, Riedy & Ries, Mankato, MN, for respondents.

Considered and decided by CONNOLLY, Presiding Judge; HUDSON, Judge; and JOHNSON, Judge.

## OPINION

CONNOLLY, Judge.

Appellant challenges the district court's grant of summary judgment in favor of respondents on appellant's negligence action. The district court concluded that respondents did not owe a duty of care and that no genuine issues of material fact were in dispute. Appellant contends that the district court applied the wrong legal standard, and that respondents retained control of the worksite and therefore were required to reasonably supervise the construction project for the safety of decedent, an independent contractor. Appellant also contends that respondents had a duty to warn decedent of any known and obvious dangers. Because the district court did not err in concluding that respondents did not owe a duty to decedent under the facts of this case, we affirm.

## FACTS

Respondents Jonathan and Carla James hired decedent Paul C. Presbrey in 2006 to replace two decks that were attached to their house in Stillwater. The decks were old and possibly structurally unsound. Decedent was 70 years old and had experience in building and repairing decks. Decedent was responsible for all aspects of the project, including securing building permits and providing tools, equipment, and supplies. Decedent had autonomy over his work process—he was free to create his own work schedule and take steps as needed to complete the project.

Decedent's son, Paul A. Presbrey, sometimes worked with his father on the deck construction at respondents' house. Decedent and his son were both working on the

day of the accident, but the son left for a doctor's appointment before the accident occurred. It was misty and drizzling that day. No one was present to observe the accident, but it is apparent that decedent fell. Jonathan James (James) was not home when the accident occurred, and he returned home to find decedent lying on the concrete, bleeding and gasping for air. Decedent tragically died later that night as a result of brain trauma.

The district court issued an order appointing appellant Geraldine M. Presbrey, decedent's widow, as trustee for decedent's next of kin. As trustee for the individual claims and causes of action of herself and decedent's children, appellant sued respondents for negligence. Respondents moved for summary judgment. Appellant opposed summary judgment, arguing that there were genuine issues of material fact because of conflicting evidence as to the control exercised over the worksite by James, and that under the retained-control doctrine, James owed decedent a duty to exercise reasonable care in monitoring and maintaining the safety of the worksite.

The district court granted summary judgment in favor of respondents, concluding that any danger causing decedent's death was known or obvious, coming within an exception to the general premises-liability standard requiring the exercise of reasonable care for the safety of all entrants on an owner's property. The district court also concluded that respondents did not owe decedent a duty of care under the retained-control doctrine because James did not retain detailed control, but merely acted as an interested homeowner by picking up loose nails and boards and observing the project's progress. This appeal follows.

## ISSUES

I. Did the district court err by not applying the retained-control rule?

II. Did the district court err by not finding any genuine issues of material fact precluding summary judgment under the general premises-liability standard?

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.03. "On appeal from summary judgment, we must determine whether there are any genuine issues of material fact, and whether the lower court erred in its application of the law." *Olmanson v. LeSueur County*, 693 N.W.2d 876, 879 (Minn.2005). "We view the evidence in the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76–77 (Minn.2002). But to avoid summary judgment, the nonmoving party must present evidence that is "sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997).

We will affirm a district court's grant of summary judgment if it can be sustained on any grounds. *Winkler v. Magnuson*, 539 N.W.2d 821, 827 (Minn. App.1995). A plaintiff in a negligence action must prove four elements: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of that duty being the proximate cause of the injury." *Louis v. Louis*, 636 N.W.2d 314, 318 (Minn.2001). The defendant is entitled to summary judgment when the plaintiff fails to produce sufficient evidence on any of those elements. *Id.* "Before

someone can be found negligent it must be established that that person owed a duty to the injured person. Whether one owes a legal duty to another is a question of law to be determined by the court." *Zimmer v. Carlton County Co-op. Power Ass'n,* 483 N.W.2d 511, 513 (Minn.App.1992), *review denied* (Minn. June 10, 1992).

## I.

Appellant argues that the retained-control rule applies, under which James owed decedent a duty of care because he retained control of the worksite.

■ An employer of an independent contractor owes a duty to the independent contractor's employees "when the employer retains control or some measure of control over the project," and thus may be liable for personal negligence when the negligence causes injury to an employee. *Conover v. N. States Power Co.,* 313 N.W.2d 397, 401 (Minn.1981). The duty to supervise is "commensurate with the control retained." *Id.* at 407.

■ The supreme court has clarified that the level of control retained must be significant. "Not just any amount of control by the hiring company is sufficient to impose direct liability. For liability to attach, the company must retain control over the 'operative detail' of the work." *Sutherland v. Barton,* 570 N.W.2d 1, 5 (Minn. 1997). That is, the employer must retain "detailed control." *Id.* A mere right to inspect a contractor's progress, receive reports, or make suggestions, and which does not leave the contractor "entirely free to do the work in his own way," is insufficient for the hiring company to be held directly liable for injuries to an independent contractor's employees. *Id.* at 5–6.

Appellant relies heavily on *Rausch v. Julius B. Nelson & Sons, Inc.,* 276 Minn. 12, 149 N.W.2d 1 (1967). *Rausch* states

that a general contractor is liable for the negligent acts and omissions of its subcontractor only if the general contractor has the right to control or supervise the subcontractor as to time, place, and manner of performing the work. 276 Minn. at 19, 149 N.W.2d at 6. On the facts of the case, the supreme court affirmed the district court's grant of summary judgment notwithstanding the verdict in favor of the defendant general construction contractor on the plaintiff's wrongful-death action. *Id.* at 21–22, 149 N.W.2d at 8.

■ As respondents point out, appellant presents no authority or reasoning that would convert James into a general contractor, and decedent was not an employee of a subcontractor or independent contractor. Appellant does not cite, and we do not find, any cases considering retained control in the context of a homeowner's relationship with an independent contractor who is working on the homeowner's property. More importantly, the logic of the retained-control cases does not apply here.

First, the record does not support appellant's claim that James retained control of the project. James's deposition testimony indicates that he picked up discarded boards and nails so that no one would step on a nail and his lawnmower would not get a flat tire. James testified that he never told decedent "to do or not do anything" because he trusted him. James felt that decedent was an "expert" who knew what he was doing, whereas James had no engineering or construction background whatsoever. Decedent provided all of his own tools and materials.

Appellant relies on the fact that James picked up screws, nails, and boards, contending that this is enough evidence to create a fact question sufficient to withstand summary judgment as to the extent of James's control of the worksite. Dece-

dent's son also provided deposition testimony that he believed his father only continued to work on the day of his death because James participated in the construction project on that day. The son did not testify that James instructed decedent to continue working or insisted that he do so, but merely stated that decedent was a "good employee" who "wanted to follow along." James testified that he did not work on the deck project at all that day, and that he did not expect decedent to work because of the weather and the way he was dressed. But even taking decedent's son's testimony as true and James's as false, the evidence is only that decedent voluntarily continued to work that day despite the misty conditions. At most, this is akin to a suggestion, which under *Sutherland* does not amount to the detailed control needed for the retained-control rule to apply.

Moreover, under *Conover*, an employer-landowner does *not* have a "duty to inspect or to warn of a defect or danger the employee was engaged to correct." 313 N.W.2d at 407. Thus, "a company will not be liable for injuries to an independent contractor's employees specialized to do hazardous work for injuries resulting from that hazardous work." *Sutherland*, 570 N.W.2d at 5 (citing *Conover*, 313 N.W.2d at 405). In *Sutherland*, the supreme court held that even the employer's "right to order work stopped, to inspect its progress, to make suggestions, and to prescribe changes on the project" was insufficient to impose personal liability where the independent contractor was the specialist, and therefore in the best position to insist that the project could not be safely completed under certain conditions. *Id.* at 6. Here, decedent was hired to replace respondents' deck, which was old and may have been structurally unsound. Decedent's death resulted from the hazards associated with replacing the deck, and he was a specialist hired specifically to do that work. Thus, *Conover* and *Sutherland* preclude liability from attaching under these circumstances.

## II.

Appellant also argues that the known-or-obvious-danger exception to respondents' duty as landowners to maintain reasonably safe premises does not apply.

Possessors of land owe a general duty to use reasonable care for the safety of all entrants upon the premises. *Olmanson*, 693 N.W.2d at 880. The entrant also has a duty to use reasonable care, which may vary based on the circumstances. *Id.* at 881. The landowner's duty "includes an ongoing duty to inspect and maintain property to ensure entrants on the landowner's land are not exposed to unreasonable risks of harm." *Id.* If a dangerous condition on the premises is discoverable through reasonable efforts of the landowner, "the landowner must either repair the conditions or provide invited entrants with adequate warnings." *Id.*

Despite the general rule requiring landowners to inspect, repair, and warn, there is an exception where the dangerous condition is "known or obvious." *Id.* Thus, the owner does not need to warn the entrant of the known or obvious condition unless he should anticipate the harm even though the danger is known or obvious. *Id.* "The rationale underlying this rule is that, generally, no one needs notice of what he knows or reasonably may be expected to know." *Louis*, 636 N.W.2d at 319 (quotation omitted). "Obvious" in this context supposes an objective test, and the question is whether the danger was in fact observable. *Id.* at 321. "Known" in this context requires both awareness of the condition and appreciation of its dangerousness. *Id.* Whether a condition was known for purposes of determining wheth-

er a duty was owed is a question of law. *Id.* at 321 n. 8.

■ Caselaw is clear that the duty to warn only pertains to "latent or hidden dangers," and not to an "inherent and known danger of the property." *Zimmer,* 483 N.W.2d at 514 ("Respondent had no duty to warn appellant of the dangers involved with power line work."). Moreover, as the retained-control cases hold, an employer does not have a "duty to inspect or to warn of a defect or danger the employee was engaged to correct." 313 N.W.2d at 407. Thus, "a company will not be liable for injuries to an independent contractor's employees specialized to do hazardous work for injuries resulting from that hazardous work." *Sutherland,* 570 N.W.2d at 5 (citing *Conover,* 313 N.W.2d at 405). Although *Conover* and *Sutherland* discuss this absence of duty in the context of retained control, we believe it applies with equal force to premises liability on the facts of the instant case. Repairing or replacing a deck is potentially dangerous, and all of the expertise and knowledge of risks and safety precautions that needed to be taken rested with decedent, the deck-repair specialist. To the extent the risk was simply the project itself, it must be considered a danger obvious or known to decedent.

To the extent the dangerous condition was the misty weather on the day of the accident, it was known or obvious. Appellant's evidence largely pertains to this fact, as decedent's son insisted in his deposition that the scaffold was wet and the weather made it unsafe to work on it. Inclement weather is obvious, and not only was decedent as aware of the weather as James, his deck-construction experience made him *more* aware of the risks and potential consequences of working in those conditions.

We find no evidence in the record sufficient to withstand summary judgment on a legal theory based on premises liability. Appellant does not point to any evidence of a dangerous condition that caused decedent's tragic accident apart from generally alleging that decedent was working on the deck on a drizzly afternoon, which does not present a latent or hidden danger that respondents should have reasonably anticipated would cause the harm resulting from decedent's fall.

## DECISION

A homeowner does not retain the level of detailed control over an independent contractor's construction on the owner's property necessary for the retained-control rule to apply when all he does is pick up loose or discarded nails and boards at the worksite. Further, appellant has failed to present evidence of any danger other than one known or obvious to decedent. The district court therefore did not err in granting summary judgment in favor of respondents.

**Affirmed.**